QUEENSBORO LEASING CORP., Respondent, v. JOSEPH SHAW, Appellant, et al., Defendant.— In an action to recover damages for breach of a lease of an automobile, the lessee, defendant Shaw, appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 19, 1973, which, upon cross appeals by him and the plaintiff-lessor, modified a judgment of the Civil Court of the City of New York, Queens County, entered April 14, 1972, which was in favor of plaintiff against said defendant, after a nonjury trial, the modification increasing plaintiff's principal recovery from $2,235.10 to $2,806.33. Order reversed, on the law and the facts; judgment of said Civil Court, entered April 25, 1973 upon said order of the Appellate Term, vacated; and said original judgment of the Civil Court, entered April 14, 1972, reversed, with costs to defendant Shaw against plaintiff; motion by defendant at the trial to amend his answer to assert a counterclaim for $250 granted; judgment granted in

favor of said defendant against plaintiff in the sum of $171.12 upon said counterclaim; plaintiff's complaint dismissed; and case remitted to the Civil Court for entry of a judgment in accordance herewith. The testimony at the trial established that one William Williams was sent by his employer, defendant Shaw, to plaintiff's business establishment to obtain information concerning the rental of a vehicle on Shaw's behalf. The vehicle when rented was to be used by Williams in the course of his employment. After one meeting in August, 1969 with plaintiff's sales personnel, Williams was given an unsigned lease containing terms for Shaw's perusal, which lease Shaw in fact subsequently signed. Williams then delivered the executed lease to plaintiff, together with $250 as security as provided for in the lease. The lease was then signed by one of plaintiff's officers. On August 13, 1969, pursuant to the lease, a 1969 Volkswagen (hereafter VW) was delivered to Shaw through the instrumentality of Williams. Subsequently, on March 10, 1970, Williams reported to plaintiff that the vehicle had been stolen, and, pursuant to the terms of the lease, a replacement 1969 VW was delivered to Williams the next day. On the occasion of the delivery of the replacement vehicle, Williams inquired of plaintiff concerning the obtaining of a 1970 VW as a replacement. In early April of 1970, Williams called plaintiff and said he wanted a 1970 VW. Plaintiff thereupon prepared a new lease (1970 lease), which differed substantially from the 1969 lease with respect to duration, cost of rental, insurance coverage and mileage charges. On April 17, 1970 Williams went to plaintiff's place of business and returned the 1969 replacement VW given to him pursuant to the 1969 lease. At this time he was given the new 1970 lease which had previously been prepared by the plaintiff. Williams informed plaintiff that he would call for the 1970 VW on April 27, 1970. On that date, Williams returned to plaintiff's establishment with the 1970 lease purportedly signed by Shaw, but which was in fact a forgery, and plaintiff delivered the 1970 VW to him. That was the last seen of Williams or the 1970 VW by either plaintiff or Shaw. We are of the opinion that the 1969 lease was terminated upon plaintiff's acceptance of the replacement 1969 VW returned by Williams, so that subdivision (c) of clause 10 of the 1969 lease, which placed the risk of loss upon the lessee if the leased vehicle were converted by the lessee's employee, became inoperative. On the trial, Shaw moved to amend his answer to assert a counterclaim for $250, the unreturned security payment made by him under the 1969 lease. The denial of that motion by the trial court was an improvident exercise of discretion, since all of the facts were in the record. We therefore grant Shaw's motion and hold, under the facts here, that Shaw was entitled to the return of the security deposited by him. He should therefore have judgment for the $250, less $78.88, the amount which upon the trial he conceded he owed under the terminated 1969 lease, to wit, $171.12. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.